```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

ROBBIN L. THOMPSON,              *
                                 *
      Plaintiff,                 *
                                 *
vs.                              *   Civil Action 05-00447-CG-B
                                 *
MICHAEL J. ASTRUE,[1]            *
Commissioner of                  *
Social Security,                 *
                                 *
      Defendant.                 *
```

## REPORT & RECOMMENDATION

This matter is before the Court on Petitioner's Motion For Award of Attorney's Fees under The Equal Access To Justice Act (Doc. 27), Defendant's Response thereto (Doc. 29), and Petitioner's Motion for Leave to file a Reply (Doc. 30) and Petitioner's Reply (Doc. 31). This action was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure. Upon consideration of the pertinent pleadings, it is hereby **RECOMMENDED** that Petitioner's Motion for Attorney's Fees and Motion for Leave to file a Reply be **GRANTED**, and that Petitioner be awarded a reasonable attorney's fee in the amount of **$3,075.00.**

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he has been substituted for Jo Anne B. Barnhart as the Defendant in this suit. No further action need be taken, to continue this suit, by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.   Findings of Fact**

1.   Plaintiff commenced this action on August 2, 2005. (Docs. 1, 2).  On February 9, 2007, this Court entered Judgment, and reversed and remanded this cause to the Commissioner of Social Security for further proceedings.  (Docs. 24, 25).

2.   Petitioner's motion for attorney's fees was filed on April 18, 2007 (Doc. 27).  In the application and reply, Petitioner requests an attorney's fee award of $3,075.00.  (Docs. 27, 30, 31). The attorney's fee request represents a total of 24.6 hours, at an hourly rate of $125.00 per hour, for attorney time spent representing Plaintiff in this Court.  (Id.)

3.   The Commissioner of Social Security has filed a Response in opposition to Petitioner's motion on the ground that the Commissioner's position was substantially justified.  (Doc. 29).

**II.  Conclusions of Law**

**A.   Substantial Justification**

1.   Defendant contends that its position, that the Administrative Law Judge properly considered the opinion of Plaintiff's treating physician as well as her pain and credibility allegations, was substantially justified such that Petitioner's motion for an award of EAJA fees is due to be denied. (Doc. 29). On motion for attorney fees and costs under the EAJA, Defendant bears burden of proving that its position, both in underlying agency action and arguments defending action in court, were

substantially justified.  28 U.S.C.A. § 2412(d)(1)(A).

2.   The standard for "substantially justified" is one of reasonableness.  See, e.g., Pierce v. Underwood, 487 U.S. 552, 565 (1988).  "While the parties' postures on individual matters may be more or less justified, the EAJA-like other fee-shifting statutes- favors treating a case as an inclusive whole, rather than as atomized line-items." Commissioner, INS v. Jean, 496 U.S. 154, 161-162 (1990).  The test for substantial justification is whether the Government's position is justified to a degree that would satisfy a reasonable person (i.e., when it has a reasonable basis in both law and fact).  See, e.g., United States v. Jones, 125 F.3d 1418, 1425 (11th Cir. 1997).[2]  The Government bears the burden of proving that its position was substantially justified.  Id.

3.   The Equal Access to Justice Act ("EAJA") authorizes the payment of attorney's fees to a prevailing party in an action against the United States, absent a showing by the Government that its position in the underlying litigation "was substantially justified."  28 U.S.C. § 2412(d)(1)(A).  Section 2412(d)(1)(B) directs that the application include a showing that the applicant

---

[2]The court looks to both the agency's pre-litigation conduct and its litigation position. 28 U.S.C. § 2412(d)(2)(D) (for purposes of fee award under EAJA, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). To be "substantially justified," the Commissioner's position must have a reasonable basis in law and fact. Pierce, 487 U.S. at 565. "Substantially justified" does not mean "justified to a high degree;" the standard is satisfied if there is a "genuine dispute," or if reasonable persons could differ as to the appropriateness of the contested action. Id. at 565.

is a prevailing party; a showing that the applicant is eligible to receive an award; and a statement of the amount sought, including an itemized statement from any attorney stating the actual time expended and the rate charged.  Section 2412(d)(1)(B) provides further, that the applicant "allege that the position of the United States was not substantially justified."

4.   On  September  19,  2006,  the  undersigned  recommended reversal  and  remand  of  this  case,  after  finding  that  the Commissioner's decision was not supported by substantial evidence. (Doc. 22).  Specifically, the undersigned recommended a finding that the ALJ erred because he improperly discounted the opinion of Plaintiff's treating physician and failed to adequately articulate the  grounds  for  doing  so,[3]  as  well  as  improperly  assessed Plaintiff's credibility and pain allegations with regard to her chronic  migraines.[4]   (Id.)   Here, Defendant's opposition to Plaintiff's motion for fees amounts to no more than a restatement of its prior arguments as to the merits of the underlying case - which has already been decided.

5.    The Commissioner opposes Petitioner's EAJA motion on the grounds that its position is substantially justified.  However, the

---

[3] See, e.g., Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1159-1160 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240-1241 (11th Cir. 2004); Lewis v. Callahan, 125 F.3d 1436, 1439-1441 (11th Cir. 1997).

[4] See, e.g., Bennett v. Barnhart, 288 F. Supp. 2d 1246 (N.D. Ala. 2003); Ortega v. Chater, 933 F. Supp. 1071, 1075 (S.D. Fla. 1996).

undersigned finds that the Commissioner's position is not substantially justified because, contrary to Eleventh Circuit precedent, the ALJ improperly discounted the opinion of Plaintiff's treating physician and failed to adequately articulate the grounds for doing so, as well as improperly assessed Plaintiff's credibility and pain allegations.  See generally Reese v. Sullivan; 925 F.2d 1395 (11th Cir. 1991); Hudson v. Secretary of Health and Human Servs., 839 F.2d 1453 (11th Cir. 1988).

**B.   EAJA Fee Award**

1.   The Equal Access to Justice Act (EAJA) requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The Commissioner does not dispute the issues of prevailing party status[5] or timeliness,[6] but disputes the issue of

---

[5]"[A] party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

[6]The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The thirty (30) day clock did not begin to run in this action until this Court's Order of Judgment dated February 9, 2007 (Doc. 25) became final, which would have occurred at the end of the sixty (60) days for appeal provided under Fed. R. App. P. 4(a)(1). See Shalala, 509 U.S. at 302. Because Petitioner's application was filed on April 18, 2007, (Doc. 27), it is found to be timely filed.

5

substantial justification which has already been addressed herein. (Doc. 21).

2.   The U.S. Supreme Court has indicated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Watford v. Heckler, 765 F.2d 1562, 1568 (11th Cir. 1985) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  See also Jean v. Nelson, 863 F.2d 759, 772-772 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), aff'd sub nom, Commissioner, I.N.S. v. Jean, 496 U.S. 154 (1990).

3.   The EAJA (as amended)[7] provides, in relevant part, as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorneys fees shall *not* be awarded in excess of $125.00 per hour **unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.**

28 U.S.C. § 2412(d)(2)(A) (emphasis added.)

---

[7]On March 29, 1996, the EAJA was amended so as to increase the statutory cap on EAJA fees from $75.00 per hour to $125.00 per hour.  See, e.g, Ikner v. Apfel, 2000 WL 1844704, *2 n.1 (S.D. Ala. Nov. 9, 2000).  These amendments apply to civil actions commenced on or after the date of enactment; therefore, the statutory cap of $125.00 per hour applies in this present action.

4. In <u>Meyer v. Sullivan</u>, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorneys fees under the Act:

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than [$125.00] per hour, is to determine whether the court should adjust the hourly fee upward from [$125.00] to take into account an increase in the cost of living, or a special factor.

<u>Id</u>. at 1033-1034 (citations and footnote omitted).

5. With regard to the reasonableness of the hours claimed by Plaintiff's attorney, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." <u>Norman v. Housing Auth. of City of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988). "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." <u>Id</u>. at 1306.

6. In the case <u>sub judice</u>, attached to Petitioner's motion and reply, are itemizations of time detailing the description of work performed, the time expended, and the date upon which the work was performed. (Docs. 27, 30, 31). The undersigned has reviewed these documents and Defendant's response, and finds that, under the circumstances, and given the usual number of hours billed by

attorneys in similar actions, Petitioner is entitled to 24.6 hours of attorney time expended representing Plaintiff in federal court.

### III. CONCLUSION

Therefore, upon consideration of the pertinent pleadings, it is **RECOMMENDED** that Petitioner's Motion for Award of Attorney's Fees Pursuant to The Equal Access To Justice Act and Motion for Leave be **GRANTED**, thereby resulting in an award of **$3,075.00** for 24.6 attorney hours spent representing Plaintiff in connection with this action at the EAJA rate of $125.00 per hour.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **16th** day of **May, 2007**.

                                                   /s/ Sonja F. Bivins
                                    **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS**
**AND RESPONSIBILITIES FOLLOWING RECOMMENDATION**
<u>**AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**</u>

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

            **/s/SONJA F. BIVINS**
            **UNITED STATES MAGISTRATE JUDGE**