IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBBIN L. THOMPSON,              *
                                 *
    Plaintiff,                   *
                                 *
vs.                              *     Civil Action No. 05-00447-CG-B
                                 *
MICHAEL J. ASTRUE,               *
Commissioner of                  *
Social Security,                 *
                                 *
    Defendant.                   *

## REPORT AND RECOMMENDATION

This action is before the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure on Petitioner's Motion for Attorney Fees and Memorandum in Support (Docs. 35, 36) and Defendant's Response thereto (Doc. 39). Upon consideration of all pertinent materials contained in this file, it is recommended that the Motion for Attorney Fees (Doc. 35) be **GRANTED.**

## I. Findings Of Fact

1. On March 26, 2001, Plaintiff filed an application for a period of disability and disability insurance benefits, and supplementary income benefits under Titles II and XVI of the Social Security Act ("Act") 42 U.S.C. 401-433, 1381-1383h. Plaintiff's claims were denied initially and upon reconsideration (Doc. 22 at 1-2).

2. On April 3, 2002, an Administrative Law Judge entered a decision unfavorable to Plaintiff, wherein he found that Plaintiff

was not entitled to a period of disability and disability insurance benefits, or supplementary income benefits.   (Doc. 22 at 2). Plaintiff timely filed an appeal, and on May 20, 2003, the Appeals Council ("AC") remanded the case for a new hearing.   A second hearing was held, and on April 14, 2004, ALJ Smith issued an unfavorable opinion, and the AC denied her request for review. (Id. at 2-3).

3.   On July 25, 2005, Plaintiff retained Petitioner, Gilbert B. Laden, attorney at law, to represent her in federal court regarding her claim for a period of disability and disability insurance benefits, and supplementary income benefits.   The agreement provided that Plaintiff agreed to pay an attorney's fee equal to twenty-five percent (25%) of any accumulated past-due benefits paid to her and her family in the event of the successful prosecution of her claim. (Doc. 40-2).

4.   On August 2, 2005, Plaintiff filed this action seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for period of disability and disability insurance benefits, and for supplementary income benefits under Titles II and XVI of the Act.   (Doc. 1).

5.   This action was then referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and on September 18, 2006, the undersigned Magistrate recommended that the Commissioner's decision be reversed

2

and remanded.  (Doc. 22).  Defendant filed an objection to the Magistrate's report and recommendation, arguing that the ALJ's decision was supported by substantial evidence and contained correct applications law.  (Doc. 23).

6.   On February 8 and 9, 2007, Chief United States District Judge Callie V.S. Granade denied Defendant's objection, adopted the report and recommendation and entered a judgment, reversing and remanding this cause to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g), making Plaintiff a prevailing party under the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docs. 24, 25).

7.   Plaintiff filed a fee petition pursuant to the EAJA, and on June 6, 2007, the Court awarded Plaintiff $3,075 for attorney's fees and expenses[1]. (Docs. 33, 34).

8.   Petitioner received a Notice of Award from Social Security dated October 17, 2007, which states that Plaintiff's past due benefits are $57,615.00, and that the amount of $14,403.75 had been withheld as payment for authorized attorney's fees.  A Notice of Award for Plaintiff for her daughter, Ameria A. Fedler, states that the amount of $2,586.00 had been withheld as payment for authorized attorney's fees.  (Doc. 37-4).  The total amount withheld for attorney's fees was $16,989.75.  (Doc. 37-3).

9.   Counsel has received $5,223 in fees from Social Security

---

[1]$125 per hour x 24.6 hours = $3,075.

as a result of the April 14, 2004 decision, and has previously been awarded $3,075 in EAJA fees. (Docs. 37-5 and 37-6). Petitioner asserts that 25% of Plaintiff's past-due benefits, less the $5,223 already paid, amounts to $11,689.75. (Doc. 35).

10. Accordingly, Petitioner requests that the amount of $11,689.75 be approved as an attorney's fee for legal services rendered to Plaintiff before this Court, which is also consistent with the agreement reached between Petitioner and Plaintiff. (Docs. 35, 40-2).

11. The amount requested, $11,689.75, represents 25% of Plaintiff and Plaintiff's child's combined past-due benefits, less the $5,223 previously paid, and is not more than twenty-five percent (25%) of Plaintiff's past due benefits.

12. On March 4, 2008, Defendant filed its response to Petitioner's authorization for contingency fees, asking that the award be no more than a reasonable 406(b) fee, "pursuant to the standards set forth in Gisbrecht v. Barnhart 535 U.S. 789, 794-96 (2002)(Section 406(b) fee awards must be "reasonable' and may not exceed 25 percent of past due benefits)." (Doc. 39 at 1).

## II.  Conclusions Of Law

### A.  Governing Law

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court

by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"  42 U.S.C. § 406(b)(1)(A).[2]  Section 406(b) "does not invalidate all contingent fee arrangements--it merely sets their upper limit--and because such arrangements effectuate congress's objective of securing adequate representation for social security claimants, a requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable."  <u>Wells v. Sullivan</u>, 907 F.2d 367, 370 (2d Cir. 1990).

The Eleventh Circuit previously applied the "lodestar method," under which the number of hours reasonably devoted to the action was multiplied by a reasonable hourly fee, to be the starting point and centerpiece for the courts in calculating reasonable Section 406(b) fees.  The existence of a contingent-fee agreement was just one of a number of factors to be considered in adjusting the lodestar amount upward or downward.  <u>Kay v. Apfel</u>, 176 F.3d 1322, 1324-1327 (11th Cir. 1999), <u>abrogated by</u> <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789 (2002).  In <u>Gisbrecht</u>, the Court held that Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead [the section] instructs courts to review for

---

[2]"When a claimant receives a favorable administrative decision following a remand of a case by the district court to the Secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."  <u>Rohrich v. Bowen</u>, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

reasonableness fees yielded by those agreements." <u>Gisbrecht</u>, 535 U.S. at 809.  <u>Gisbrecht</u> specifically rejected the lodestar method of determining fees, stating that it is "unlikely that Congress, legislating in 1965, and providing for a contingent fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later." <u>Id</u>. at 805-806.  The Court then stated as follows:

> . . . . Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  [] Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V). [] Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . . .

<u>Id</u>. at 807 (footnotes omitted).

In <u>Gisbrecht</u>, the Court did not specifically delineate the factors that district courts should consider when determining the reasonableness of the contingency fee arrangement, but did cite, with approval, an approach used to evaluate reasonableness by several circuits:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved . . . . If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not

6

profit from the accumulation of benefits during the
pendency of the case in court . . . . If the benefits are
large in comparison to the amount of time counsel spent
on the case, a downward adjustment is similarly in order
. . . . In this regard, the court may require the
claimant's attorney to submit, not as a basis for
satellite litigation, but as an aid to the court's
assessment of the reasonableness of the fee yielded by
the fee agreement, a record of the hours spent
representing the claimant and a statement of the lawyer's
normal hourly billing charge for noncontingent-fee cases
. . . . Judges of our district courts are accustomed to
making reasonableness determinations in a wide variety of
contexts, and their assessments in such matters, in the
event of an appeal, ordinarily qualify for highly
respectful review.

Gisbrecht, 535 U.S. at 808 (citations omitted).  From this, it
appears that the Supreme Court intends that the lower courts give
great deference to the contingency fee arrangement, and uphold such
arrangements unless the fees produced by them are found to be
unreasonable.  A contingent fee arrangement is unreasonable where
the contingency percentage is over the 25 percent cap, where there
is evidence of fraud or overreaching in making the agreement, or
where the requested amount is so large as to be a windfall to the
attorney.  Wells, 907 F.2d at 372.  Factors that may be considered
in reviewing for reasonableness include: 1) the character of
representation; 2) the result achieved by the attorney; 3) any
delay caused by the attorney; 4) the amount of benefits relative to
the time spent on the action such that the attorney receives a
windfall; 5) fraud or overreaching in making the agreement; and 6)
the requested fee does not exceed 25 percent of past-due benefits.
Gisbrecht, 583 U.S. at 808-809.

7

**B.**  <u>**Discussion**</u>

Petitioner has referenced an earlier filing which includes itemized statements showing that 24.6 hours were spent on this case pursuing Plaintiff's claim in federal court (Docs. 27, 31), and requests an award of $11,689.75, which represents the balance remaining of twenty-five percent (25%) of back benefits awarded to Plaintiff and her child.  (Doc. 37-3, 37-4).

Specifically, Petitioner argues that the contingent fee agreement should be found reasonable and given effect.  In support, Petitioner states that his skill and expertise allowed him to expend fewer hours than a less-experienced attorney, but that his effort was not minimal.  He further argues that while the fee expressed in hourly rates is presumably higher than in non-contingent cases, such is the nature of contingency-fee cases due to the associated risk.  He points to <u>Gisbrecht</u> as rejecting the lodestar method of determining fees as set forth above.  (Doc. 36 at 2).  Petitioner has provided a copy of his contingent-fee agreement wherein Plaintiff agreed to pay an attorney's fee equal to twenty-five percent (25%) of all past-due benefits payable to plaintiff and her family in the event her case is won. (Doc. 40-2).  As noted above, the Commissioner argues that a reasonable amount should be awarded.  (Doc. 39).

The undersigned has carefully reviewed the record in this case, including the Commissioner's response.  Based upon the

8

undersigned's thorough review, it is recommended that Petitioner's counsel be awarded the requested fee for a number of reasons. First, the Supreme Court has rejected an hourly approach ("lodestar method") for determining the reasonableness of a contingency fee arrangement, noting that the lodestar method is inappropriate because it is "designed to govern imposition of fees on the losing party." <u>Gisbrecht</u>, 535 U.S. at 805.   In evaluating the reasonableness of the contingency fee arrangement, this Court notes that Petitioner obtained a fully favorable decision for his client which included significant past due benefits and future benefits. Also, Petitioner is recognized in this community as an experienced, reputable and capable attorney who practices almost exclusively in the area of Social Security law.  Moreover, this Court recognizes that by assuming this representation, Petitioner assumed a significant risk that he may never recover any fee for his efforts. This Court does not look in isolation at the 24.6 hours spent in this Court.  Furthermore, while there do not appear to have been any novel legal issues or arguments presented, Petitioner was required to overcome legal and factual obstacles to the enhancement of the benefits awarded to his client which would justify a maximum award.  This Court acknowledges that the hours spent may appear disproportionate to the award; however, Plaintiff and Petitioner entered into an agreement, within the statutory maximum, which secured representation by capable and experienced counsel and

consequently, Petitioner assumed the risk that he would receive nothing if unsuccessful. In <u>Wells</u>, the court held that

> [w]e must recognize, however, that a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment. (Citations omitted) Therefore, we ought normally to give the same deference to these agreements as we would to any contract embodying the intent of the parties. (Citations omitted) Based on these principles, we hold that where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable. (Citations omitted).

907 F.2d at 370.

Therefore, upon consideration of the foregoing, the undersigned finds that an award of $11,689.75 to Petitioner, for representation of Plaintiff at the federal court level, is not unreasonable in this case.[3] <u>See</u>, <u>e.g.</u>, <u>Thomas v. Barnhart</u>, 412 F. Supp. 2d 1240 (M.D. Ala. 2005).

## III. <u>Conclusion</u>

Accordingly, the undersigned **RECOMMENDS** authorization of

---

[3] <u>See</u> <u>also</u> <u>e.g.</u>, <u>Yarnevic v. Apfel</u>, 359 F. Supp. 2d 1363, 1363-67 (N.D. Ga. 2005) (approving a contingency fee agreement resulting in an award of $21,057.75); <u>Claypool v. Barnhart</u>, 294 F. Supp. 2d 829 (S.D.W. Va. 2003) (approving a request for an award under a contingency fee agreement of $18,000, for 12.56 hours, resulting in an hourly rate of $1,433.00); <u>Hearn v. Barnhart</u>, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (approving $25,132.50 for 56 hours); <u>Brown v. Barnhart</u>, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003) (approving contingency fee resulting in an hourly rate of $977.00); <u>Martin v. Barnhart</u>, 225 F. Supp. 2d 704 (W.D. Va. 2002) (approving $10,189.50 for 16.82 hours); <u>Coppett v. Barnhart</u>, 242 F. Supp. 2d 1380, 1385 (S.D. Ga. 2002) (approving contingency fee resulting in an hourly rate of $350.00).

Petitioner to receive, as an attorney's fee pursuant to Section 406(b) for services rendered at the federal court level, the sum of **$11,689.75.** This total is equal to twenty-five (25%) percent of the total past-due benefits awarded to Plaintiff. The Magistrate Judge further **RECOMMENDS** entry of an order directing Petitioner to disburse to Plaintiff the sum of **$3,075.00** which was previously awarded pursuant to the Equal Access to Justice Act ("EAJA").[4]

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **14th** day of **March, 2008.**

                    /s/ SONJA F. BIVINS
            **UNITED STATES MAGISTRATE JUDGE**

---

[4]When an attorney obtains a fee award under the EAJA, and subsequently obtains a fee award under the Social Security Act, the attorney must return the smaller of the two to the plaintiff. See Section 206 of Pub. L. No. 96-481, as amended by Pub. L. No. 99-80, § 3, Aug. 5, 1985, 99 Stat. 186, which states as follows:

(b) Section 206(b) of the Social Security Act [42 U.S.C. § 406(b)] . . . shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 206(b) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   <u>Objection</u>.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   <u>Opposing party's response to the objection</u>.  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   <u>Transcript (applicable where proceedings tape recorded)</u>.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

        /s/ SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE
